Filed 2/6/14  Certified for publication 3/3/14 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

CHAKA GILBERT,

      Petitioner,

v.

THE SUPERIOR COURT OF
SAN BERNARDINO COUNTY,

      Respondent;

THE PEOPLE,

      Real Party in Interest.

E059673

(Super.Ct.No. FSBSS032062)

OPINION

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Steve Malone, Judge.
Petition granted.

Phyllis K. Morris, Public Defender, and David McClave, Deputy Public Defender,
for Petitioner.

No appearance for Respondent.

Michael A. Ramos, District Attorney, and Eric M. Ferguson, Deputy District Attorney, for Real Party in Interest.

## INTRODUCTION

Real party in interest (the People) seek to commit petitioner as a sexually violent predator (SVP) pursuant to Welfare and Institutions Code section 6600[1] (the Sexually Violent Predators Act) (SVPA).

Petitioner was evaluated by Drs. Romanoff and Updegrove in September 2001, and the trial court found probable cause in October 2001.

Both doctors prepared updated evaluations in 2006 and again in December 2009. Another probable cause hearing was held in October 2010, and the trial court again found probable cause.

Petitioner was sent to Coalinga State Hospital (CSH) prior to trial. Trial has been continued numerous times and is currently set for March 2014.

The People served a subpoena duces tecum (SDT) on CSH seeking virtually all of petitioner's records, including, among other documents, his medical and psychological reports, interdisciplinary logs and notes, registered nurse and social worker notes, trust account records, and visitor logs.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Petitioner moved to quash the SDT on the ground that his treatment records are confidential and privileged, and contending that the People may only access this information to the extent it is contained in an updated mental evaluation.

The trial court denied the motion to quash, except with respect to documents pertaining to petitioner's trust account and visitor records. It did not address whether these records were privileged, but found that the SDT was inadequate to support discovery of those specified documents.

In announcing its decision, the trial court began by distinguishing proceedings under the SVPA from similar proceedings under the Mentally Disordered Offender (MDO) law. While the issue before the court in MDO cases is the dangerousness of the defendant at the time of the parole hearing, it noted that this is not the case in SVP cases, where the current dangerousness of the defendant at the time of trial is the dispositive question. Thus, the court reasoned, that both sides need to present up-to-date information of petitioner's current condition; the only way to do this is through petitioner's latest medical records because of the amount of time that had elapsed from the date of the last evaluation to the date of trial.

Petitioner filed the instant petition. We granted a stay and invited the People to file an informal response.

Having considered the petition, the record, the district attorney's informal response, and the reply, we have concluded that an alternative writ would add nothing to the presentation already made and that resolution of the matter involves the application of settled principles of law. Furthermore, issuance of a peremptory writ in the first instance is

3

appropriate in order to avoid further delay in bringing this action to trial. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223, disapproved on another ground in *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 724, fn. 4.)

## DISCUSSION

As a preliminary matter, we must determine the proper standard of review. Respondent argues the proper standard of review is abuse of discretion. *Lee v. Superior Court* (2009) 177 Cal.App.4th 1108, 1125 (*Lee*) and *People v. Landau* (2013) 214 Cal.App.4th 1, 24 (*Landau*), reiterate the principle that we review discovery orders, including those in SVP cases, for abuse of discretion. Notwithstanding this principle, where the propriety of a discovery order turns on statutory interpretation, an appellate court may determine the issue de novo as a question of law. (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.)

Section 5328 provides that all information and records obtained in the course of providing services to either voluntary or involuntary recipients of services under the SVPA shall be confidential.

Under section 6603, subdivision (c)(1), the People may obtain updated evaluations of an alleged SVP and obtain access to "otherwise confidential treatment information . . . to the extent such information is contained in an updated mental evaluation." (*Albertson v. Superior Court* (2001) 25 Cal.4th 796, 807.)

4

The Supreme Court recently reiterated the limitation on the People's access to information, stating section 6603 does not authorize disclosure of therapy records directly to the People but authorizes review of such records by the independent evaluators and grants People access to otherwise confidential treatment information only to the extent it is contained in the updated mental evaluation. (*People v. Gonzales* (2013) 56 Cal.4th 353, 379, fn. 11.)

The language of *Albertson*, which is repeated in *Gonzales*, is clear that under section 6603, subdivision (c)(1), the People may obtain "medical and psychological records, including treatment records, consultation with current treating clinicians, and interviews of the person being evaluated." "By this language, the current provision clarifies within the SVPA an exception to section 5328's general rule of confidentiality of treatment records, and allows the People access to treatment record information, insofar as that information is contained in an updated evaluation." (*Albertson v. Superior Court*, *supra*, 25 Cal.4th at p. 805.)

In *Lee*, *supra*, 177 Cal.App.4th 1108, the district attorney in Orange County had filed recommitment petitions against five defendants. In each case, the district attorney issued subpoenas seeking a wide range of information, including medical and psychological records, visitor logs, activity logs, trust account logs, etc. The appellate court cited *Albertson*, and noted the defendants had not challenged the district attorney's entitlement to mental and psychological records under Welfare and Institutions Code section 6603, subdivision (c)(1). The issue in that case was the sufficiency of the affidavits showing

5

specific facts justifying discovery under Code of Civil Procedure section 1985. The court opined that the district attorney's access to the medical records under Welfare and Institutions Code section 6603, subdivision (c), was not dependent upon the issuance of a SDT. (*Lee*, at p. 1113.)

*Lee* is consistent with *Albertson* in that there was no dispute that the district attorney was entitled to the medical records under section 6603, subdivision (c). The People contend *Lee* is important because it recognizes the use of SDT's to obtain discovery in SVP cases. It is well established that the Civil Discovery Act applies to SVPA proceedings (*Landau*, *supra*, 214 Cal.App.4th at p. 25), and we do not doubt that SDT's can be employed in such cases. However, an SDT is a discovery tool and otherwise confidential documents are not rendered accessible merely because an SDT is issued. In other words, the People's use of an SDT to obtain CSH's records does not resolve the question whether the records sought are confidential and directly discoverable by the People. The scope of discovery permitted is the critical issue. Indeed, the order issued by *Lee* required the return of any documents produced in response to the SDT's "(other than documents produced pursuant to § 6603, subd. (c)(1))" (*Lee*, *supra*, 177 Cal.App.4th at p. 1138), and permitting CSH's medical staff to disclose confidential health information to the extent permitted by the latter provision.

The People also point out that section 5328, subdivision (f), contains an exception to the confidentiality of mental health treatment records by permitting release of records "[t]o the courts, as necessary to the administration of justice." However, *Albertson* did not indicate that this provision authorized release of records directly to the People. Section

6

5328, subdivision (f), predates the amendments to section 6603, subdivision (c). As petitioner points out, if the exception to confidentiality contained in section 5328, subdivision (f), applied in these circumstances, then there would have been no need for the Legislature to amend section 6603, subdivision (c), to allow for updated evaluations and the district attorney's access to them. The amendment provides a mechanism for release of confidential information under section 5328, which neither section 5328, subdivision (f), nor the SDT, either considered separately or together, could achieve.

It is true, as this court stated in *People v. Dixon* (2007) 148 Cal.App.4th 414 (Fourth Dist., Div. Two), that psychological reports were available to the parties and the court under sections 5328, subdivision (f), and 6601, subdivision (d), although they remained confidential for all other purposes. However, the interplay between sections 5328, subdivision (f), and 6603, subdivision (c), was not at issue in *Dixon* and, as discussed *ante*, the Supreme Court made it clear that the prosecution could only obtain treatment records through updated evaluation.

The People argue that section 6603, subdivision (c)(1), was intended to assist the prosecution in preparing these cases and that *Albertson* recognized as much, noting the need for current information about the defendant in SVP proceedings. Common sense dictates that the People need this information to prepare a case. As the trial court indicated, petitioner may have violently assaulted someone shortly before trial and the People should be able to look at the medical records to determine if there are eyewitnesses to the incident. However, there may be other means to discover this information as suggested in *Landau*.

The pronouncement in *Albertson* and reiterated in *Gonzalez*, albeit in dicta, is clear that the People's direct access to treatment records is limited. Inevitably, there will be some delay between the latest evaluations and trial. If there are not adequate means to obtain up-to-date information, the matter should be addressed to the Legislature.

**DISPOSITION**

Let a peremptory writ of mandate issue directing the Superior Court of San Bernardino County to vacate its order denying the motion to quash in part and to issue a new order granting the motion in part, with the exception of any documents that may be produced pursuant to section 6603, subdivision (c)(1).

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

CODRINGTON _____
J.

8

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| CHAKA GILBERT, | |
| Petitioner, | E059673 |
| v. | (Super.Ct.No. FSBSS032062) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | The County of San Bernardino |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |


THE COURT

A request having been made to this court pursuant to California Rules of Court, rule 8.1120, for publication of a nonpublished opinion filed in the above entitled matter on February 6, 2014, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c),

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

CERTIFIED FOR PUBLICATION

                                                                MILLER _____
                                                                                                      J.

We concur:

RAMIREZ _____
                        P. J.

CODRINGTON _____

1

J.

cc:    See attached list
MAILING LIST FOR CASE:  E059673
Chaka Gilbert v. The Superior Court; The People

William David McClave
San Bernardino Public Defender
255 North D. Street, Suite 200
San Bernardino, CA 92415

Eric Michael Ferguson
San Bernardino County District Attorney
Appellate Services Unit
412 W. Hospitality Lane, 1st Floor
San Bernardino, CA 92415-0042

COURTESY COPY
Jack T. Weedin
Los Angeles Public Defender
Appellate Branch
320 W. Temple St., #590
Los Angeles, CA  90012